UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARRETT COLLICK, NOAH WILLIAMS, and NANCY WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM PATERSON UNIVERSITY, KATHLEEN M. WALDRON, ROBERT FULLEMAN, ELLEN DESIMONE, WILLIAM PATERSON UNIVERSITY POLICE DEPARTMENT, JOHN DOES 1-20 (names fictitious as presently unknown), employees, representatives, and/or agents of defendant WILLIAM PATERSON UNIVERSITY POLICE DEPARTMENT, JANE DOES 1-20 (names fictitious as presently unknown), employees, representatives, and/or agents of defendant WILLIAM PATERSON UNIVERSITY POLICE DEPARTMENT, JOHN SMITH 1-5 (names fictitious as presently unknown), employees, representatives, agents, and/or spokespersons of defendant WILLIAM PATERSON UNIVERSITY, and JANE SMITH 1-5 (names fictitious as presently unknown), employees, representatives, agents, and/or spokespersons of defendant WILLIAM PATERSON UNIVERSITY,<br>                Defendants. | Civ. No. 16-471 (KM) (JBC)<br><br>OPINION & ORDER |

On November 17, 2016, I filed an Opinion ("Op.", ECF no. 27) and Order ('Order", ECF no. 28) granting in part and denying in part the motion of William Paterson University ("WPU") and other defendants to dismiss the complaint. In that opinion I held, *inter alia,* that the issue of WPU's sovereign immunity from

1

§ 1983 and certain other claims could not be decided on the pleadings, but would require factual development. (Op. Section III.A, pp. 12-16) I therefore denied the motion to dismiss as to that issue, without prejudice to its consideration on a properly supported motion for summary judgment.

Defendant WPU sought, and I granted (ECF no. 37), leave to file a motion for reconsideration of the sovereign immunity issue in light of intervening Third Circuit authority, *Maliandi v. Montclair State University*, 845 F.3d 77 (3d Cir. Dec. 27, 2016). That motion for reconsideration (ECF no. 38) is now before the Court. The plaintiffs have filed a response (ECF no. 39), and WPU has filed a reply (ECF no. 40). I decide the motion without oral argument. For the reasons stated herein, the motion for reconsideration is denied and I will adhere to my prior ruling.

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Plaintiffs first object that this is not a proper motion for reconsideration. I disagree. This motion was filed with leave of the Court; it is succinct and focused; it relies on recent Court of Appeals authority not before the Court on the original motion; and it refrains from repeating arguments previously made. Although ultimately I do not grant it, it is a model of a proper reconsideration motion, and other litigants would do well to emulate it.

My Opinion treated the issue of WPU's sovereign immunity thus. First, WPU waived its Eleventh Amendment federal-forum immunity by removing the action to federal court. That issue of subject matter jurisdiction is therefore out of the case. WPU nevertheless retains whatever defenses, including sovereign immunity, it could have asserted in state court. (Op. 12) In analyzing whether an entity is an arm of the State for purposes of sovereign immunity, the New Jersey state courts have analogized to the Eleventh Amendment case law—in particular, to the three-part test of *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655 (3d Cir. 1989) ((1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has).[1] (Op. 12, 14)

The Eleventh Amendment case law, I wrote, is therefore highly relevant, though not literally applicable. (Op. 12–13) I noted that WPU had not substantially addressed the first *Fitchik* factor. (Op. 14) As to the second factor, WPU cited, and I briefly analyzed, the statutory framework of the State college system and the authority exercised by State colleges. (Op. 15) As to the third, WPU offered a citation to a 2011 State Reorganization plan, but did not adequately link it to specific facts about the autonomy of state colleges. (Op. 16)

Crucially, the immunity issue did not present itself (as it would under the Eleventh Amendment) as a jurisdictional challenge under Rule 12(b)(1), which would permit the Court to consider extrinsic evidence, but rather as an

---

[1] *Maliandi* suggests, however, that the State may have gotten *Fitchik* wrong, at least insofar as it has applied the test in a claim-specific, as opposed to entity-specific, manner. 845 F.3d at 92.

3

affirmative defense. The Court's hands were thus tied by a Rule 12(b)(6) standard, which is largely confined to the face of the pleadings and the law. (Op. 13–14) In sum, I held, "WPU's contentions are suggestive, and the issue might profitably be revisited at the summary judgment stage. I cannot make the necessary findings without a factual record, however, and the issue is not clear enough as a matter of law to justify dismissal on a Rule 12(b)(6) basis." (Op. 16)[2]

In *Maliandi*, the Court of Appeals considered the Eleventh Amendment immunity of Montclair State University ("MSU"). MSU, like WPU, is one of eight colleges in the State university system. WPU somewhat overstates the holding of *Maliandi* in stating that "as a matter of law, the legal status of New Jersey's state colleges entitled them to sovereign immunity...." (WPU Brf. 1) What *Maliandi* actually held was as follows: "We now resolve this dispute by concluding that MSU is an arm of the State, and in the process, we seek to synthesize our jurisprudence regarding the *Fitchik* factors for the benefit of district courts in future Eleventh Amendment cases." 845 F.3d at 86. As noted above, that Eleventh Amendment issue is closely related to, though distinct from, the sovereign immunity issue asserted by WPU.

The *Fitchik* analysis is fact-bound and entity-specific: "[E]ach step of that analysis is a 'fact-intensive' undertaking that requires a fresh analysis and 'individualized determinations' for each entity claiming Eleventh Amendment immunity." *Maliandi*, 845 F.3d at 84. Thus *Maliandi* cited, but did not give dispositive effect to, prior decisions analyzing the Eleventh Amendment status of institutions in the Pennsylvania State College system, the University of Iowa, and New Jersey's own Rutgers University. *Id.*

An old law-school chestnut, *Baltimore & Ohio Railway v. Goodman*, 275 U.S. 66, 48 S. Ct. 24 (1927) (Holmes, J.) (the "stop, look, and listen" case),

---

2    I note in passing that granting this motion would not result in WPU's dismissal from the suit (Congress has abrogated immunity for the Title IX claims); that all defendants are represented by the same counsel; and that discovery will proceed on much the same basis in either case.

suggests that a matter may become settled in the case law, and what was an issue of fact may thereby become an issue of law.[3] Has that transformation occurred here? I err on the side of caution and answer that question in the negative.

I do not have before me a ruling that is squarely on point. *Maliandi* decides a jurisdictional issue of Eleventh Amendment forum immunity (not a defense of state sovereign immunity), with respect to MSU (not WPU). I think it is too soon to announce that the sovereign-immunity status of WPU is now beyond factual dispute.

However analogous, a state's sovereign immunity does not have the federalism-based double focus of the Eleventh Amendment analysis: "comity and state sovereignty are constitutional precepts and l[i]nchpins of our federalist system of government." *Id.* at 99. It is not a limitation on federal court jurisdiction, and, for the reasons stated, that procedural posture limits my consideration of extrinsic facts. Those facts may turn out to make a difference. Although I might think that MSU and WPU have many features in common, I might also be mistaken. Some of those common features can be ascertained on a Rule 12(b)(6) motion—for example, the structure of the legislation that constitutes the state university system. Others, however, cannot—for example, "the percentage of an entity's funds that come from non-state sources," *see id.* at 89–90. And some factors—such as MSU's decision to rely on generalities as to the state's funding of liabilities—may reflect that particular institution's administrative elections or even its litigation-strategy choices. *See id.* at 87.

---

[3] The decision reversed by *Maliandi*, for example, was postured as a motion to dismiss. But even there, Judge Chesler largely relied on his own earlier decision as to MSU, which was rendered on a motion for summary judgment. *Maliandi v. Montclair State Univ.*, No. CIV.A. 14-01398 SRC, 2014 WL 3778259, at *1 (D.N.J. July 31, 2014) (citing *Ventura v. Montclair State Univ.*, No. 08–cv–5792 (SRC), 2011 WL 550720 (D.N.J. Feb. 9, 2011)).

In short, the necessary balancing is highly sensitive,[4] and I am reluctant to simply reason that WPU is very similar to MSU, and therefore should be treated the same. That may be the case; indeed, the factors, upon factual exploration, might turn out to actually strengthen WPU's claim of immunity vis-à-vis that of MSU. I nevertheless see the wisdom of placing my ruling on a solid foundation of fact in the context of summary judgment.

## ORDER

Accordingly, for the reasons expressed in the foregoing opinion,

**IT IS** this 25th day of April, 2017,

**ORDERED** that the defendants' motion for reconsideration (ECF no. 38) is DENIED, without prejudice to the reassertion of WPU's sovereign immunity defense on a motion for summary judgment.

Should developments in discovery warrant, WPU may apply to the Magistrate Judge for leave to file a separate summary judgment motion limited to this issue.

_____
**Kevin McNulty, U.S.D.J**

---

[4] Consider, for example, the Third Circuit's reckoning of the second *Fitchik* factor, one of three:

> We emerge from this analysis with subfactors on both sides of the scale as to MSU's "status under state law." One of them—ownership of land—points against immunity, and three others—treatment under state law generally, separate incorporation, and power to enter contracts—are inconclusive. But considering that MSU cannot sue and be sued in its own name, is immune from state taxes, can exercise the power of eminent domain, and generally is subject to New Jersey administrative procedure and civil service laws, the balance of considerations defining MSU's "status under state law" cuts in favor of immunity.

845 F.3d at 96.